DECISION AND JUDGMENT ENTRY
This is an appeal from an order of the Maumee Municipal Court which denied the motion of defendant- appellant, Cheryl Patchin, to reinstate her original sentence. Upon a review of the record, we find that the order appealed from is not a final, appealable order and that, accordingly, we have no jurisdiction to determine this appeal.
An appellate court's jurisdiction is limited to reviewing, affirming, modifying or reversing judgments or final orders. Section 3(B)(2), Article IV, Ohio Constitution. See, also, R.C. 2505.03. R.C. 2505.02
sets forth what is meant by a final appealable order and provides in relevant part:
 "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 "(3) An order that vacates or sets aside a judgment or grants a new trial;
 "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 "(5) An order that determines that an action may or may not be maintained as a class action."
In the present case, appellant originally pled no contest to driving under the influence of alcohol, a first offense within six years and her third overall alcohol-related offense. The trial court found her guilty and sentenced her accordingly. Within minutes, however, the court became aware that appellant's most recent alcohol related offense was actually within six years of the present offense. Appellant then moved to withdraw her guilty plea. The trial court granted that motion, vacated the conviction and sentence, and set the matter for trial. Subsequently, appellant filed a motion to reinstate her original sentence. The trial court denied that motion. That is the order from which appellant filed the present appeal.
Upon review of R.C. 2505.02, as set forth above, it is clear that the trial court's ruling does not constitute a final appealable order as defined by that statute. Accordingly, this appeal is ordered dismissed at appellant's costs.
 APPEAL DISMISSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J., JUDGE
Mark L. Pietrykowski, J., George M. Glasser, J., JUDGE, CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.